UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CLARA ARREBATO PEDROSO AND KATHERINE HERNANDEZ ARREBATO, Individually and as Class Representatives, | ) ) ) ) ) | Civil Action No. 3:21-CV-540-CHB |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), [R. 23], which has been fully briefed, [R. 33; R. 36], and is ripe for review. Also before the Court are three motions filed by Plaintiffs Clara Arrebato Pedroso and Katherine Hernandez Arrebato: a Motion to Certify Questions of Law to the Supreme Court of Kentucky ("Motion to Certify"), [R. 25]; a Motion to Hold Defendant State Farm's Motion to Dismiss in Abeyance Pending a Ruling From This Court on Plaintiffs' Motion to Certify Questions of Law ("Motion for Stay"), [R. 26]; and a Motion for Oral Argument, [R. 34]. Plaintiffs' three motions have been briefed and are ripe for review. *See* [R. 29; R. 30; R. 31; R. 32; R. 35]. For the reasons set forth herein, the Court will grant State Farm's Motion to Dismiss, [R. 23], and deny each of Plaintiffs' motions, [R. 25; R. 26; R. 35].

## I.  BACKGROUND

Clara Arrebato Pedroso, Katherine Hernandez Arrebato, and D'Ella Irvin each suffered injuries in automobile accidents occurring between 2010 and 2015. [R. 22, ¶¶ 10, 20 (Amended

Complaint)]; *see also Irvin v. State Farm Mutual Auto. Ins. Co.*, 3:19-CV-690-CHB, 2020 WL 4004808, *1 (W.D. Ky. July 15, 2020) (hereafter, "*Irvin I*"). To compensate for their injuries, Pedroso, Arrebato, and Irvin each sought Personal Injury Protection ("PIP") benefits under their policies with State Farm. *Irvin I*, 2020 WL 4004808, *1. The Kentucky Motor Vehicle Reparations Act ("MVRA") requires insurance companies to offer such benefits, which are sometimes referred to as no-fault benefits or basic reparations benefits. *Id.* (citing KRS § 304.39-040). Insurance companies like State Farm must provide these benefits for injuries suffered in automobile accidents. *Id.* (citing KRS § 304.39-040). In exchange, the MVRA requires drivers to purchase automobile insurance and caps these PIP benefits at $10,000. *Id.* (citing KRS §§ 304.39-020; 304.39-090).

State Farm initially paid only a portion of Pedroso, Arrebato, and Irvin's claims for PIP benefits. *Id.* at *4–5. Specifically, State Farm paid $1,905.00 of the $4,450.00 in medical expenses claimed by Pedroso, [R. 22, ¶ 14]; $2,380.00 of the $2,440.00 in medical expenses claimed by Arrebato, *id.* ¶ 24; and $5,474.06 of the $12,731.52 of the medical expenses claimed by Irvin, [R. 1-2, ¶ 14 (State Court Complaint)]. State Farm denied the remainder of their claimed PIP benefits based on a "paper review" of each claim. *Irvin I*, 2020 WL 4004808, *1; *see also* [R. 22, ¶¶ 13, 23]. A paper review occurs when an insurance company relies on a report prepared by a third-party medical provider (hired by the insurer) to evaluate the insured's claim, without conducting a medical examination. *Irvin I*, 2020 WL 4004808, *1. In 2018, the Supreme Court of Kentucky held in *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923 (Ky. 2018), that insurance companies could not deny PIP benefits based solely on paper reviews. Following that ruling, State Farm voluntarily paid the remainder of Pedroso and Arrebato's claims, plus twelve percent interest. *Irvin I*, 2020 WL 4004808, at *4–5. State Farm

paid Irvin, who had claimed over $12,000 in medical expenses, [R. 1-2, § 14], up to the statutory maximum of $10,000, plus twelve percent interest. *Id.* at *4.

In 2019, Pedroso, Arrebato, and Irvin brought suit in Jefferson Circuit Court, seeking to bring the action on behalf of themselves and all insured in Kentucky who were similarly denied PIP benefits based solely on a paper review between August 31, 2004 and 2019. *Irvin*, 2020 WL 4004808, *2. They sought damages for all unpaid PIP benefits that had been denied through paper review (capped at $10,000 per plaintiff), eighteen percent statutory interest for past-due medical bills (as opposed to the twelve percent paid by State Farm),[1] and attorneys' fees.[2] *Id.*

State Farm timely removed the action to this Court under the Class Action Fairness Act ("CAFA"), and filed a Motion to Dismiss or, Alternatively, for Abstention. *Id.* State Farm argued that the Court should dismiss the action under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and the claims for statutory interest and attorneys' fees should be dismissed under Rule 12(b)(6) for failure to state a claim. *Id.* In response to State Farm's motion, the plaintiffs filed a Motion for Remand and Attorney Fees. *Id.*

On July 15, 2020, the Court issued a Memorandum Opinion and Order addressing both motions. *See generally Irvin I*, 2020 WL 4004808. Of relevance here, the Court found that each of the three plaintiffs lacked standing to pursue their unpaid benefits claims. *Id.* at *3–6. The Court explained that, after the *Sanders* decision, State Farm had issued checks to each of the three plaintiffs to cover the full amount of the claimed PIP benefits, plus statutory interest of twelve percent. *Id.* at *5. As a result, the Court held, the plaintiffs could not show an injury in

---

[1] The MVRA provides that "[o]verdue payments bear interest at the rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum." KRS § 304.39-210(2).

[2] The MVRA also allows the Court to award attorneys' fees for denials or delays caused without a reasonable foundation. KRS § 304.39-220(1).

fact, nor could they show "how a favorable judgment from this Court would redress that injury with respect to damages for unpaid PIP benefits." *Id.* (citation omitted). However, the Court found that they *did* possess standing to pursue claims for the additional interest and attorneys' fees. *Id.* at *6. Turning to the merits of those claims, the Court concluded that State Farm had a "reasonable foundation" for initially denying the plaintiffs' claims based on a paper review, as *Sanders* had not yet been decided at the time of denial (in 2011), and earlier Kentucky precedent plausibly supported the use of paper reviews. *Id.* at *6–8. Finally, the Court noted that, under the law, it was required to remand the case back to state court. *Id.* at *8. The Sixth Circuit ultimately affirmed this Court's decision.[3] *See Irvin v. State Farm Mut. Auto. Ins. Co.*, 861 F. App'x 65 (6th Cir. 2021) (hereafter, "*Irvin II*").

In the remanded state court action, Pedroso, Arrebato, and Irvin filed a "Motion for Partial Summary Judgment on the Issues of 18% Compound Interest and Preemptively Terminated Benefits" and a "Motion for This Litigation to be Certified as a Class Action." [R. 5-4 (Motion for Partial Summary Judgment); R. 5-5 (Motion to Certify Class)].  In the former, the plaintiffs asserted, for the first time, a theory of "unusable benefits" or "preemptively terminated benefits," explained in more detail below. *See generally* [R. 5-4, p. 14]. The plaintiffs asked the state court to award them such "unusable benefits" plus eighteen percent interest. *Id.* State Farm then removed the case to this Court for the second time. [R. 1 (Notice of Removal)].

Plaintiffs filed a Motion for Remand and Attorney's Fees, [R. 11]. In that motion, the plaintiffs further attempted to distinguish between "unpaid benefits" and "unusable benefits." *Id.* at p. 15. According to the plaintiffs, "unpaid benefits," or denied benefits, include those for which the plaintiffs submitted claims (i.e., to cover incurred medical expenses), but which were

---

[3] The parties appealed only the Court's Rule 12(b)(6) ruling. *See Irvin II*, 861 F. App'x at 67.

denied on paper review, then eventually paid by State Farm. *Id.* For example, Pedroso requested $4,450.00 in PIP benefits, and State Farm initially denied $2,545.00 of this claim based on a paper review. *See, e.g.*, *id.* at 10. The $2,545.00 of requested but initially unpaid PIP benefits are her "unpaid benefits." These unpaid benefits formed the basis for Pedroso, Arrebato, and Irvin's initial claims against State Farm. *See, e.g.*, *id.* "Unusable benefits," on the other hand, are those PIP benefits that were never requested but would have fallen within the $10,000 statutory cap. Thus, Pedroso's unusable benefits would be the difference between what she requested ($4,450.00) and the statutory maximum ($10,000.00), or $5,545.00. The plaintiffs urged the Court to remand these claims for unusable benefits (plus interest and fees) back to Jefferson Circuit Court. *See* [R. 11].

The Court held a hearing on the motion. *See* [R. 20 (Hearing Transcript)]. State Farm argued that it had timely and properly removed the matter upon learning of Plaintiffs' unusable benefits theory, which it argued had been asserted for the first time in Plaintiffs' state court summary judgment motion. *See e.g.*, *id.* at 11:15–20. Plaintiffs argued that they had always intended to pursue both theories, and when the Court ruled that they lacked standing to pursue the *unpaid* benefits claims, it had remanded to state court those claims involving *unusable* benefits. *See id.* at 9:3–8. The Court quickly dispelled Plaintiffs argument, explaining that it had reviewed the record in the earlier case, and "there was absolutely no claim for unusable benefits in the previous litigation." *Id.* at 14:3–6; *see also id.* at 15:5 ("That claim and that theory was not before the Court."); *id.* at 24:24–25 ("So I think it's abundantly clear [the unusable benefits theory] was not pleaded or pled originally in the original complaint."). Instead, the Court had ruled on Plaintiffs' *unpaid* benefits claims and remanded the matter to state court as required by law. *See, e.g.*, *Irvin I*, 2020 WL 4004808, at *8 ("The Court has dismissed Plaintiffs' claims for

additional interest and attorneys' fees, so the case consists only of Plaintiffs' claims for unpaid PIP benefits. As Plaintiffs lack Article III standing for that claim, it shall be remanded to state court."). Nevertheless, the Court allowed Plaintiffs an opportunity to amend their complaint to assert their new unusable benefits theory. *See, e.g.*, [R. 19 (Memorandum and Order from Motion Hearing)].

Plaintiffs filed their Amended Complaint on June 9, 2022, naming only Pedroso and Arrebato as plaintiffs.[4] [R. 22]. They allege that State Farm's "unilateral denial of payment of no-fault benefits based upon a 'paper review'" rendered unusable those PIP benefits that had been unclaimed but which were otherwise available within the $10,000 statutory limit. *See id.* ¶¶ 15, 25. For support, they cite to a letter from State Farm to Pedroso.[5] *Id.* ¶ 61. Plaintiffs allege that this letter stated that ". . . Based on the results, we are denying all current **and future medical bills and treatment**." *Id.* ¶ 61 (emphasis added in Amended Complaint). They seek to recover the balance of their unusable benefits ($5,545.00 for Pedroso and $7,560.00 for Arrebato), plus eighteen percent interest and attorneys' fees. *Id.* at ¶¶ 17, 27. They also assert claims for declaratory and injunctive relief. *Id.* at ¶¶ 84–88.

State Farm has filed a Motion to Dismiss the Amended Complaint. [R. 23]. State Farm argues that the unusable benefits claims must be dismissed under Rule 12(b)(6) because such claims are not cognizable under the MVRA and regardless, the claims are factually implausible. *Id.* at 5–10. As to the claim for eighteen percent interest and fees, State Farm argues that those issues are barred by the doctrine of res judicata and further, the MVRA only allows for statutory

---

[4] As previously noted, Irvin claimed over $12,000 in medical expenses, [R. 1-2, § 14], and was paid up to the statutory maximum of $10,000. *Irvin*, 2020 WL 4004808, at *4. Because she was paid up to the statutory maximum, she has no unusable benefits and is therefore not a named plaintiff in the Amended Complaint. *See* [R. 22].

[5] Plaintiffs do not attach this letter to the Amended Complaint; however, State Farm includes a copy of the letter with its Motion to Dismiss. *See* [R. 23-4 (June 2011 Letter)].

interest when a payment is "overdue," and there were no overdue payments for *unusable*

benefits. *Id.* at 12. State Farm also argues that the claims for declaratory and injunctive relief

must be dismissed under Rule 12(b)(6) for similar reasons. *Id.* at 12–13. Lastly, State Farm

argues that each of Plaintiffs' claims must be dismissed under Rule 12(b)(1) for lack of standing.

*Id.* at 14–16. Plaintiff has responded, [R. 33], and Defendant replied. [R. 36].

      Plaintiffs have also filed three motions. First, Plaintiffs seek to certify certain questions to

the Supreme Court of Kentucky. [R. 25]. They have also filed a motion to hold Defendant's

Motion to Dismiss in abeyance pending a ruling on their Motion to Certify, [R. 26], as well as a

Motion for Oral Argument, [R. 34].  Each of these motions has been fully briefed. [R. 29; R. 30;

R. 31; R. 32; R. 35].

      The Court considers each motion below.

## II. STANDARD OF REVIEW

### A.  Rule 12(b)(1)

      Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A challenge under this rule is either a "facial attack" or

a "factual attack." *Ackerman o/b/o Estate of Ackerman v. Berryhill*, No. 3:17-CV-00630-DW,

2018 WL 1440839, *2 (W.D. Ky. Mar. 22, 2018) (citations omitted); *see also Amburgey v.

United States*, 733 F.3d 633, 636 (6th Cir. 2013) (citations omitted). A facial attack "questions

merely the sufficiency of the pleadings." *Ackerman*, 2018 WL 1440839, at *2 (quoting *Wayside

Church v. Van Buren County*, 847 F.3d 812, 817 (6th Cir. 2017), *abrogated on other grounds by

Knick v. Township of Scott*, 139 S. Ct. 2162, 2167–68 (2019)) (internal quotation marks omitted).

A factual attack, on the other hand, "raises a factual controversy that requires the District Court

to 'weigh the conflicting evidence to arrive at the factual predicate that subject matter [jurisdiction] does or does not exist.'" *Id.* (quoting *Wayside Church*, 847 F.3d at 817).

In its Motion to Dismiss, State Farm challenges the sufficiency of the allegations in Plaintiffs' Amended Complaint and therefore raises a facial attack on subject matter jurisdiction. *See, e.g.*, [R. 23-1, p. 14 ("State Farm facially challenges Plaintiffs' standing, because their claims fail to plausibly allege an injury in fact.")]. When faced with a facial attack on subject matter jurisdiction, "the District Court will take the allegations of the complaint as being true similar to a Rule 12(b)(6) motion to dismiss." *Ackerman*, 2018 WL 1440839, at *2 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Ultimately, the plaintiff, as the party in opposition, "has the burden of proving subject matter jurisdiction." *Id.* (quoting *Brott v. United States*, 858 F.3d 425, 428 (6th Cir. 2017)) (internal quotation marks omitted).

**B.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual allegations in the complaint "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550

U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

## III.  ANALYSIS

### A.  Plaintiffs' Motion for Oral Argument, [R. 34]

Plaintiffs have filed a Motion for Oral Argument, [R. 34], apparently seeking a hearing on their Motion to Certify, [R. 26]. As the sole basis for their request for oral argument, Plaintiffs state that they "believe oral arguments would be of assistance in this matter." [R. 34]. State Farm has responded in opposition, arguing that the issues in Plaintiffs' Motion to Certify are straightforward, have been fully briefed, and can be resolved without a hearing. [R. 35]. Plaintiff failed to file a reply to State Farm's response.

Under Local Rule 7.1(f), a party may request oral argument "in a motion, response, or reply." The decision to grant or deny such a request is within the Court's discretion. *See Acuity Brands, Inc. v. Bickley*, No. 13-366-DLB-REW, 2017 WL 1426800, at *7 (E.D. Ky. Mar. 31, 2017). In the present case, the Court finds that each of the pending motions can be resolved without oral argument. Each motion has been exhaustively briefed, the issues are clear, and the Court is "intimately familiar with the claims and arguments." *Id.*  No further argument is

necessary to resolve these motions. Accordingly, the Court will deny Plaintiffs' Motion for Oral argument, [R. 34].

### B. Plaintiffs' Motion to Certify, [R. 25], and Motion for Stay, [R. 26]

Under former Kentucky Rule of Civil Procedure ("CR") 76.37,[6] a federal district court may certify a question of law to the Supreme Court of Kentucky when that question "may be determinative of the cause then pending before the originating court and as to which it appears to the party or the originating court that there is no controlling precedent in the decisions of the Supreme Court and the Court of Appeals of Kentucky." The Sixth Circuit has explained that certification is "most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 371 (6th Cir. 1995) (citation omitted). However, even when an unsettled question of law is presented, certification may not be warranted "so long as 'well-established principles exist to govern a decision.'" *Breeden v. Excel, Inc.*, No. 3:21-CV-416-CHB, 2021 WL 5702422, at *5 (W.D. Ky. Dec. 1, 2021) (quoting *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015)). Further, the federal district court should consider the following factors: "(1) the likelihood of recurrence of the precise question raised; (2) whether certification is appropriate based on the question presented, and (3) the 'inevitable delay inherent in the certification process.'" *Id.* (quoting *Am. Fidelity Bank & Trust Co. v. Heimann*, 683 F.2d 999, 1002 (6th Cir. 1982)). Ultimately, "[t]he decision to utilize a state court certification process lies within the sound discretion of the federal court." *Id.* (citing *Hargis*, 785 F.3d at 194).

---

[6] Kentucky Rules of Civil Procedure 72–76, which governed appellate procedure, were replaced by the new, stand-alone Kentucky Rules of Appellate Procedure, effective January 1, 2023, after the parties briefed this issue. *See generally Willet v. Sanitation Dist. No. I*, No. 2022-CA-0073-MR, 2023 WL 2335907, at *3 (Ky. Ct. App. Mar. 3, 2023). Kentucky's Rule of Appellate Procedure ("RAP") 50 now controls the certification of questions of law to or from the Supreme Court of Kentucky and largely mirrors the language previously contained in CR 76.37. The language quoted above from CR 76.37 is nearly identical to the language used in RAP 50(A), with some stylistic changes.

Plaintiff asks the Court to certify the following questions the Supreme Court of Kentucky: (1) "What is the remedy for a no-fault claimant when her no-fault benefits have been unilaterally and unlawfully terminated by the reparation obligor's utilization of a 'paper review,' rendering the remaining no-fault benefits unusable?" and (2) "Given that the [MVRA] mandates 18% interest on no-fault benefits that have been unreasonably denied, are the plaintiffs owed 12% or 18% interest on the balance of their unusable no-fault benefits?" [R. 25, p. 2].[7] Plaintiffs argue that certification of these questions is necessary because "there is a patent conflict between state law and the federal courts' interpretations of state law." *Id.* at 7. More specifically, Plaintiffs cite to the *Sanders* opinion, in which the state's highest court held for the first time that insurance companies could not deny PIP benefits based solely on paper reviews. *Id.* (citing *Sanders*, 569 S.W.3d 923). "Conversely," Plaintiffs argue, "this Court and the Sixth Circuit found that it was reasonable for reparation obligors to deny no-fault benefits solely on the basis of 'paper reviews' prior to the [*Sanders* decision]." *Id.* (referencing this Court's decision in *Irvin I* and the Sixth Circuit's affirming opinion in *Irvin II*). From this, Plaintiffs argue that "Kentucky state and federal courts have reached different conclusions on whether or not the use of a 'paper review' to deny or terminate no-fault benefits is reasonable." *Id.*

But no such conflict exists. In *Irvin I*, this Court found that State Farm's use of paper reviews *prior to Sanders* was not unreasonable because "at the time State Farm initially denied portions of Plaintiffs' PIP benefits, neither the Kentucky Court of Appeals nor the Kentucky Supreme Court had addressed whether paper review denials were allowable under the MVRA." *Irvin I*, 2020 WL 4004808, at *7. The Court went on to explain that "the fact that the Kentucky

---

[7] In their reply brief, Plaintiffs rephrase these questions as follows: (1) "Is there a remedy for the remaining no-fault coverage after a no-fault insurer has wrongfully terminated benefits?" and (2) If so, what is the measure of damages give the fact that the [MVRA] is silent as to terminated benefits?" [R. 31, p. 5].

Court of Appeals (and the Kentucky Supreme Court) ultimately found paper reviews unlawful [in *Sanders*] does not make State Farm's reliance on prior cases endorsing the practice unreasonable at the time." *Id.* (citation omitted). And the Court even explained that the reasoning in *Sanders* "supports finding that State Farm had a reasonable foundation for its paper review practice." *Id.* at *8. The Sixth Circuit agreed. *See Irvin II*, 861 F. App'x at 67–69. Accordingly, there is no conflict with *Sanders*, and certainly no conflict that would warrant certification of Plaintiffs' proposed questions.

Instead, it appears that what Plaintiffs really seek is another bite at the apple. More specifically, Plaintiffs seek another opportunity to argue that State Farm's pre-*Sanders* denial of benefits based solely on paper reviews was unreasonable. This Court has already decided that question, and the Sixth Circuit affirmed. Certification under these circumstances would be improper. *See Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC*, 311 F. App'x 827, 832 (6th Cir. 2009) ("The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling." (quoting *Derungs v. Wal-Mart Stores,* 162 F. Supp. 2d 861, 868 (S.D. Ohio 2001)) (internal quotation marks omitted)); *Grayiel v. AIO Holdings, LLC*, No. 3:15-CV-821-CHB, 2020 WL 8187462, at *4 (W.D. Ky. Aug. 20, 2020) (denying motion to certify where the moving party attempted "to use the certification procedure to take two bites from the same apple" (quoting *Neeley v. Wolters Kluwer Health, Inc.*, 311 F.R.D. 427, 431 (E.D. Ky. 2015)) (internal quotation marks omitted)).

Plaintiffs also argue that "whether or not benefits rendered unusable are recoverable and the interest, if any[,] that should be added, is an unsettled issue of first impression under Kentucky state law." *Id.* However, as explained in more detail below, a plain reading of the

MVRA makes clear that the MVRA does not permit recovery of the so-called "unusable benefits," nor does it allow for recovery of interest (whether at twelve or eighteen percent) unless the insurance company failed to timely pay medical bills *actually submitted by the insured*. In other words, a clear application of Kentucky law answers the very question that Plaintiffs wish to submit to the Supreme Court of Kentucky. As such, there is no need to certify that question. *See Breeden*, 2021 WL 5702422 at *5 (finding that state law was "sufficiently clear" from the "text of the statute itself" and "from analogy to a state court decision" such that certification was unwarranted (quoting *Asher v. Unarco Material Handling, Inc.*, No. CIV.A.6:06-548-DCR, 2008 WL 2473680, at *5 (E.D. Ky. June 16, 2008))).

Furthermore, Plaintiffs have not argued that similar questions will reoccur, and certification to the state court "inherently delays the resolution of this matter." *Id.* (citation omitted). Accordingly, for these reasons and those stated above, the Court will deny the Motion to Certify, [R. 25]. Plaintiffs' Motion for Stay, [R. 26], asks this Court to hold State Farm's Motion to Dismiss in abeyance pending a ruling on the Motion to Certify. As the Court has now ruled on the Motion to Certify, it will deny the Motion for Stay as moot.

### C.  Defendant's Motion to Dismiss, [R. 23]

As an initial matter, the Court notes that Plaintiffs have not clearly delineated their claims as Count I, Count II, and so on. Rather, they list four separate headings at the end of their Amended Complaint that appear to raise claims for declaratory and injunctive relief and a claim for damages for violation of the MVRA. *See* [R. 22, pp. 16–17]. From this and the allegations within the Amended Complaint, the Court understands that Plaintiffs assert the following claims:

a claim for declaratory relief[8]; a claim for injunctive relief[9]; a claim alleging a violation of the MVRA and seeking monetary damages in the form of the alleged "unusable benefits"; a claim for "18% statutory interest on the balance of the unused benefits, and attorney fees." *Id.* There is also some confusion as to whether Plaintiffs assert a claim for eighteen percent statutory interest and attorneys' fees with respect to the previously litigated "unpaid" benefits, which the Court addresses below.

### 1.  Rule 12(b)(1)

State Farm argues that each of these claims must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. [R. 23-1, pp. 14–16]. This challenge to subject matter jurisdiction is based on standing. *Id.* "Standing is a constitutional requirement derived from the justiciable 'case or controversy' language of Article III of the U.S. Constitution." *Ackerman*, 2018 WL 1440839, at *3 (citations omitted); *see also Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 408 (2013) (citations omitted); U.S. Const. art. III § 2 (limiting federal district courts' subject matter jurisdiction to "cases" and "controversies"). To establish standing under Article III, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that will likely be redressed by a favorable judicial decision. *See, e.g.*, *Spokeo Inc., v. Robbins*, 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of establishing these elements. *Id.*

---

[8] Plaintiffs seek a declaratory judgment that (1) State Farm had no reasonable basis to terminate or deny their no-fault benefits on the basis of a paper review, peer review, or medical record review; (2) Plaintiffs are entitled to "their remaining no-fault benefits"; and (3) State Farm is "responsible for payment of the balance of the unusable no-fault benefits that were rendered unusable due to unlawful 'paper reviews.'" [R. 22, p. 16].

[9] Plaintiffs ask for an injunction prohibiting State Farm from (1) terminating or denying PIP benefits without following the MVRA and (2) "attempting to avoid its obligations to pay no-fault benefits without following the statutory requirements for no-fault payments in the future." *Id.* at 16–17. Within this claim for injunctive relief, Plaintiffs also ask for a declaratory judgment that State Farm "is not entitled pursuant to Kentucky statutes, public policy or equity to deny or terminate no-fault payments." *Id.* at 17.

- 14 -

In the present case, State Farm argues that the Plaintiffs have failed to allege an injury in fact and as a result, their claims fail for lack of standing. [R. 23-1, pp. 14–16]. Additionally, State Farm argues that Plaintiffs have failed to allege any present or future harm sufficient to establish standing for their equitable claims. *Id.* at 16. As the Court has already explained, these are facial attacks to the Amended Complaint and, as a result, the Court will "take the allegations of the complaint as being true similar to a Rule 12(b)(6) motion to dismiss." *Ackerman*, 2018 WL 1440839, at *2 (citation omitted). With this standard in mind, the Court considers State Farm's standing arguments.

### a.   Claims for Monetary Damages

An injury in fact is one of the three elements[10] of "the irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It has been defined as "an invasion of a legally protected interest" that is both (1) concrete and particularized, *id.* (citations omitted), and (2) "actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)) (internal quotation marks omitted). The Sixth Circuit has explained this requirement as follows: "To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (citation omitted). Plaintiffs bear the burden of demonstrating standing, and they "must plead its components with specificity." *Id.* (citation omitted).

State Farm argues that each of Plaintiffs' claims should be dismissed because Plaintiffs lack standing and, more specifically, they have failed to allege an injury in fact. [R. 23-1, pp. 14–

---

[10] The other two elements of standing are traceability (or causation) and redressability, neither of which have been addressed by the parties. *See Lujan*, 504 U.S. at 560–61 (citations omitted). Because the Court finds that the necessary element of an injury in fact is unsatisfied, it need not address these other elements.

16]. On this point, State Farm points out that the MVRA creates a right to reimbursement of medical expenses actually *incurred*, but Plaintiffs do not allege any outstanding medical bills. *Id.* at 15. Further, State Farm argues, Plaintiffs do not allege that they *would have* incurred more medical expenses had their initial claims not been denied. *Id.* State Farm therefore contends that the alleged injury is, at best, purely speculative and theoretical. *Id.* at 15–16.

Plaintiffs do not directly respond to State Farm's standing arguments. In fact, nowhere in their response brief do Plaintiffs even use the word "standing." *See* [R. 33-1]. They briefly reference but do not expand on their alleged injury by stating,

> By preemptively terminating all remaining no-fault benefits, State Farm destroyed the insureds' statutory right to incur medical expenses, thus guaranteeing no loss ever accrued. The insureds incurred injury as a result of the loss of the remainder of the purchased no-fault benefits being denied and rendered illusory as a direct result of Defendant State Farm's unlawful practice.

*Id.* at 5. To the extent this two-sentence blurb is Plaintiffs' attempt at tangentially addressing State Farm's standing arguments, the Court finds this argument to be wholly undeveloped and unpersuasive. *See generally Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)). First, the MVRA does not provide a statutory right to incur medical expenses; it provides a right to seek reimbursement for medical expenses actually incurred. *See* KRS § 304.39-030(1) (explaining right to basic reparation benefits). But Plaintiffs do not allege that they incurred medical expenses other than those already reimbursed by State Farm, nor do they allege (or even suggest) that they *would have* incurred such expenses but for State Farm's earlier denial of their claimed PIP benefits. Stated another way, Plaintiffs do not allege that they are in any way worse off due to State Farm's earlier (and now remediated) denial of their benefits than they would have been had State Farm never denied their benefits. And even

if Plaintiffs alleged that they *might* have sought additional medical care had their first claim for

PIP benefits been approved, such an allegation would be entirely hypothetical and speculative,

not actual and concrete. As such, it would be insufficient to satisfy the injury in fact requirement.

*See Lujan*, 504 U.S. at 560. In this case, Plaintiffs do not even make those bare allegations.

Accordingly, the Court finds that Plaintiffs fail to allege an injury in fact with respect to

their MVRA claims (for unusable benefits and eighteen percent interest and fees on those

benefits). To the extent Plaintiffs attempt to allege a claim for eighteen percent interest and fees

on the previously litigated *unpaid* benefits, as discussed below, the Court has already ruled that

they have standing as to those specific claims. *See Irvin I*, 2020 WL 4004808, at *6.

**b.   Claims for Declaratory and Injunctive Relief**

State Farm also argues that Plaintiffs lack standing to assert their claims for declaratory

and injunctive relief. [R. 23-1, p. 16]. More specifically, State Farm argues that "[t]he only

alleged harm identified by Plaintiffs is the past disallowance of their remaining PIP benefits (for

treatment never undergone and bills never incurred) over ten years ago," and such past harm is

insufficient to obtain injunctive or declaratory relief. *Id.* Plaintiffs do not respond to this

argument. Regardless, Sixth Circuit case law is clear. "[A]n injunction cannot be used to redress

a purely past injury." *Kentucky v. Yellen*, 54 F.4th 325, 339 (6th Cir. 2022) (citing *City of Los*

*Angeles v. Lyons*, 461 U.S. 95, 105 (1983)). Instead, plaintiffs seeking injunctive or declaratory

relief must "show why there were likely to suffer some present or future harm." *Id.* (citing *Lyons*,

461 U.S. at 105); *see also Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) ("In the context of

a declaratory judgment action, allegations of past injury alone are not sufficient to confer

standing. The plaintiff must allege and/or 'demonstrate actual present harm or a significant

possibility of future harm.'" (quoting *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d

522, 527 (6th Cir.1998))). Here, Plaintiffs have not alleged any past harm, as already explained, nor do they allege any threat of immediate or future harm. They do not argue in their response brief that they have made or even plausibly could make such allegations. *See* [R. 33-1]. The Court will therefore dismiss their claims for injunctive and declaratory relief due to lack of standing.

In sum, the Court finds that the Plaintiffs have failed to allege an injury in fact sufficient to confer standing under Article III of the United States Constitution for their MVRA claims for unusable benefits and eighteen percent interest and attorneys' fees, as well as their equitable claims. Further, even if Plaintiffs possessed standing over these claims, Plaintiffs' Amended Complaint cannot survive State Farm's Rule 12(b)(6) arguments, as explained below.

### 2.  Rule 12(b)(6)

#### a.  Unusable Benefits Claim Arising Under the MVRA

State Farm first argues that Plaintiffs' theory of "unusable benefits" is not legally viable, citing to the plain language of the MVRA. [R. 23-1, p. 5]. That act provides that, for motor vehicle accidents occurring in Kentucky, "every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits." KRS § 304.39-030(1). Citing to this and other provisions the act, State Farm argues that "[b]y its plain terms, the statute limits recovery to '*reimbursement*' of '*only*' reasonable medical expenses actually '*incurred*.'" [R. 23-1, p. 6 (emphasis added in brief)].

In response, Plaintiffs do not point to any provision in the MVRA entitling them to payment for their unusable benefits. Instead, they cite to the purpose and policy of the MVRA and argue that it should be liberally construed in favor of accident victims. [R. 33-1, pp. 3–4]. Then, without citation to the MVRA or any other authority, they state that "[u]nilaterally

terminating no-fault benefits is a clear violation of the insured's statutory rights pursuant to the [MVRA]." *Id.* at 4.[11] They do not cite to any such statutory right.

The Court finds that the plain language of the MVRA clearly limits basic reparation or PIP benefits to reimbursement for expenses actually incurred. *See* KRS § 304.39-020(2) (defining "basic reparations benefits" as "benefits providing *reimbursement* for net *loss suffered* through injury arising out of the operation, maintenance, or use of a motor vehicle" (emphasis added)); *id.* § 304.39-020(5) (defining "loss" as "*accrued* economic loss consisting only of medical expense, work loss, replacement services loss, and, if injury causes death, survivor's economic loss and survivor's replacement services loss" (emphasis added)); *id.* § 304.39-020(5)(a) (defining "medical expenses" as "reasonable charges *incurred* for reasonably needed products, services, and accommodations, including those for medical care, physical rehabilitation, rehabilitative occupational training, licensed ambulance services, and other remedial treatment and care" (emphasis added)).  Simply stated, there is no violation of the MVRA for failure to pay the so-called unusable benefits (i.e., benefits seeking reimbursement for expenses never incurred and, in fact, never claimed).

Further, even if the MVRA allowed for such a claim, Plaintiffs have not alleged any facts to support their claim that State Farm unilaterally terminated the unusable benefits. Plaintiffs point only to a single letter, sent to Pedroso from State Farm in June 2011. [R. 22, ¶ 61]. Plaintiffs allege that this letter stated that ". . . Based on the results, we are denying all current **and future medical bills and treatment**." *Id.* (emphasis added in Amended

---

[11] Here, Plaintiffs also argue that this "simultaneously violates the insurance contract by robbing the insureds of the benefits of their purchased insurance coverage." [R. 33-1, p. 4]. Plaintiffs do not raise a breach of contract claim nor do they expand upon this argument further, and the Court need not address it. *See Slater*, 28 F. App'x at 513 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)).

Complaint). Plaintiffs do not attach this letter to their Amended Complaint; however, State Farm includes a copy of the letter with its Motion to Dismiss.[12] *See* [R. 23-4 (June 2011 Letter)]. The body of the letter states, in full: "Please find the enclosed utilization review [of the medical records submitted by Pedroso's chiropractor]. Based on the results, we are denying all current and future medical bills and treatment. If you have any questions, please feel free to contact our office." *Id.* at 2. From this, Plaintiffs argue that State Farm unilaterally terminated the remainder of Plaintiffs' PIP benefits, rendering those benefits unusable.

But this argument is without merit for multiple reasons. First, Plaintiffs do not allege that State Farm sent a similar letter to Arrebato, nor do they allege that State Farm in any way communicated to Arrebato that her PIP benefits were being unilaterally and preemptively terminated. Moreover, Plaintiffs' interpretation of the June 2011 letter—or more specifically, a single sentence within the letter—ignores the remainder of the letter and the context in which it was sent. The letter clearly denies Plaintiff's claim for reimbursement for medical expenses incurred during treatment from her chiropractor. That determination was based on a utilization review of those specific medical records from that specific provider. It is illogical to infer from this that Pedroso could no longer submit claims for other medical expenses incurred from other providers. Simply stated, Plaintiffs have not alleged any facts that would support their claim that State Farm unilaterally and preemptively terminated the plaintiffs' remaining PIP benefits.

---

[12] The Court may consider this letter because it was referenced in the Amended Complaint and is central to Plaintiffs' claims. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." (citation omitted)).

Accordingly, the Court finds that, even if Plaintiffs had standing, the Plaintiffs' Amended Complaint fails to state a claim for violation of the MVRA and specifically, a damages claim for Pedroso and Arrebato's unusable benefits.

### b.  Interest and Fees Claim Relating to Unusable Benefits

In addition to seeking damages for Plaintiffs' unusable PIP benefits, Plaintiffs also seek eighteen percent interest and attorneys' fees on those benefits under the MVRA, specifically, KRS § 304.39-210(2) and KRS § 304.39-220(1). [R. 22, ¶¶ 90–91]; *id.* at 18. KRS § 304.39-210(2) provides that "[o]verdue payments bear interest at the rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum." KRS § 304.39-220(1) allows the Court to award "a reasonable attorney's fee" in actions where "overdue benefits are recovered" "if the denial or delay was without reasonable foundation." However, for the same reasons outlined above, these provisions are clearly inapplicable here, where Plaintiffs seek "unusable benefits," because there are no alleged unpaid medical expenses and therefore no "[o]verdue payments." Accordingly, even if the plaintiffs had standing over this claim, it would not survive State Farm's Motion to Dismiss under Rule 12(b)(6).

### c.  Interest and Fees Claim Relating to Unpaid Benefits

As an initial matter, the Court notes that Plaintiffs' Amended Complaint appears to request eighteen percent interest and fees only with respect to *unusable* benefits. *See* [R. 22, ¶¶ 90–91]; *id.* at 18. Yet, in their briefing, Plaintiffs argue that "18% compound interest should be applied to all terminated no-fault benefits, whether those benefits were denied, terminated or rendered unusable due to Defendant State Farm's wrongful conduct." [R. 33-1, p. 9]. To the extent that Plaintiffs attempt to assert a claim for eighteen percent interest and fees on *unpaid*

benefits, State Farm argues that the claim is barred by Kentucky's preclusion doctrines. [R. 23-1, pp. 11–12]. Plaintiffs do not address this argument.

To the extent that Plaintiffs intend to assert a claim for eighteen percent interest and fees on its previously asserted "unpaid benefits" claims, the Court again notes that the Amended Complaint makes no such demand. Regardless, even if Plaintiffs intended to raise such a claim in their Amended Complaint, that claim would be barred by the doctrine of collateral estoppel, or issue preclusion. For this doctrine to apply,

> (1) at least one party to be bound in the second case must have been a party in the first case; (2) "the issue in the second case must be the same as the issue in the first case"; (3) "the issue must have been actually litigated"; (4) "the issue was actually decided in that action"; and (5) "the decision on the issue in the prior action must have been necessary to the court's judgment" and adverse to the party to be bound.

*Miller v. Admin. Office of the Courts*, 361 S.W.3d 867, 871 (Ky. 2011) (quoting *Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998)). Here, the issue at the heart of Plaintiffs' claim for eighteen percent interest and fees—i.e., whether State Farm had a reasonable basis for denying the claims for PIP benefits—was actually litigated and actually decided by this Court in *Irvin I*, in a case involving these Plaintiffs and State Farm. The Court's determination that State Farm had acted with a reasonable foundation based on Kentucky law in existence at the time was necessary to the Court's ultimate dismissal of Plaintiffs' claim. Plaintiffs now seek to raise the exact same claim and issue to this Court. Under the doctrine of collateral estoppel, however, they are barred from doing so. Plaintiffs do not dispute this in their response brief.

Accordingly, to the extent that Plaintiffs attempt to assert a claim for eighteen percent interest and fees on its previously litigated unpaid benefits claim, that claim must be dismissed under Rule 12(b)(6).

### d.  Claims for Declaratory and Injunctive Relief

Plaintiffs seek a declaratory judgment that (1) State Farm had no reasonable basis to terminate or deny their no-fault benefits on the basis of a paper review, peer review, or medical record review; (2) Plaintiffs are entitled to "their remaining no-fault benefits"; and (3) State Farm is "responsible for payment of the balance of the unusable no-fault benefits that were rendered unusable due to unlawful 'paper reviews.'" [R. 22, p. 16]. But as the Court has already explained, the issue of whether State Farm had a reasonable basis to deny no-fault benefits on the basis of a paper review has previously been decided by this Court, and Plaintiffs may not take a second bite of the apple through their Amended Complaint merely by changing the form of relief requested. The Court has also determined that, even assuming Plaintiffs had standing to pursue their unusable benefits claims, the MVRA does not entitle them to such benefits. Thus, Plaintiffs' claim for declaratory relief cannot survive State Farm's Rule 12(b)(6) challenge, even if Plaintiffs could demonstrate standing for that claim.

Plaintiffs also seek an injunction prohibiting State Farm from (1) terminating or denying PIP benefits without following the MVRA and (2) "attempting to avoid its obligations to pay no-fault benefits without following the statutory requirements for no-fault payments in the future." [R. 22, pp. 16–17]. From this, the Court understands that Plaintiffs seek an injunction that simply compels State Farm to act in compliance with the MVRA. An injunction that does "no more than compel compliance with existing law" is inappropriate. *See Perez v. Ohio Bell Tel. Co.*, 655 F. App'x 404, 410 (6th Cir. 2011) ("Injunctions that do no more than compel compliance with existing law are overly broad and do not comply with Federal Rule of Civil Procedure 65."). Accordingly, even if Plaintiffs had standing over their claim for injunctive relief, it would also be dismissed under Rule 12(b)(6).

Lastly, within the claim for injunctive relief, Plaintiffs also ask for a declaratory judgment that State Farm "is not entitled pursuant to Kentucky statutes, public policy or equity to deny or terminate no-fault payments." *Id.* at 17. Such a broad statement assumes that there are no circumstances under which State Farm could ever deny an insured's request for PIP benefits. There is simply no support under the law for such a broad statement. Thus, this claim for declaratory relief would also fail.

### e. Res Judicata

Moreover, even if Plaintiffs stated a viable claim for monetary, injunctive, or declaratory relief relating to their "unusable" benefits, such claims could have been brought in the prior action and would therefore be barred by the doctrine of res judicata. Res judicata, or claim preclusion, "prohibits the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action." *Miller v. Admin. Office of the Courts*, 361 S.W.3d 867, 871 (Ky. 2011). To invoke the doctrine, three elements must be satisfied: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits." *Id.* at 872 (citing *Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky. Ct. App. 2009)). If these elements are met, the doctrine applies "even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." *Reesor v. City of Audubon Park*, No. 2016-CA-000127-MR, 2017 WL 2609243, at *3 (Ky. Ct. App. June 16, 2017) (quoting *Dennis v. Fiscal Court of Bullitt County*, 784 S.W.2d 608, 610 (Ky. Ct. App. 1990)) (internal quotation marks omitted).

Here, there is an identity of the parties between this action and *Irvin I*, in which this Court dismissed Plaintiffs' claim for interest and fees (for unpaid benefits) under Rule 12(b)(6). Such a ruling is "on the merits" for res judicata purposes. *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989) (citations omitted); *Burger v. Western Ky. Navigation, Inc.*, No. 2009-CA-001249-MR, 2010 (WL 2326590, at *4 (Ky. Ct. App. June 11, 2010) (citing to "rule that dismissal for failure to state a claim is an adjudication upon the merits" (citing *Polk v. Wimsatt*, 689 S.W.2d 363 (Ky. Ct. App. 1985))). Now, Plaintiffs attempt to bring claims arising from "a common nucleus of operative fact"—that is, State Farm's denial of Plaintiffs' PIP benefits. *See Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 826 (Ky. 2019) (citation omitted); *Brandenburg Telephone Co. v. Sprint Communications Co., L.P.*, No. 3:09-cv-109-CHB, 2023 WL 2285868, at *18–19 (W.D. Ky. Fe. 28, 2023) (discussing "identify of causes of action" element). The doctrine of res judicata bars this attempt to relitigate claims that could have been raised in the prior action. *See Hashemian v. Louisville Regional Airport Authority*, 493 S.W.3d 843, 846 (Ky. Ct. App. 2016) ("Res judicata bars not only those claims previously raised, but those which could have been raised in the prior action.").

### f.   Common Law Bad Faith and Negligence Per Se Claims

In its response brief, Plaintiffs argue that "[t]he sole remaining question is the remedy to compensate Class Members for the illegal seizure by State Farm." [R. 33-1, p. 11]. Plaintiffs explain, "The resolution of that question depends on this Court's determination of whether the preemptive seizure of benefits is subject to the penalties prescribed by the [MVRA], or, alternatively, if the seizure falls outside of the [MVRA], is it therefore subject to common law remedies traditionally applied by the Courts of Kentucky for bad faith conduct by an insurer." *Id.* Plaintiffs also argue that, "if the Court determines that the [MVRA] is silent regarding the

unlawful preemptive denial of benefits and affords no inclusive civil remedy for the unlawful

conduct," then the Court should allow the Plaintiffs to "try these claims before a jury pursuant to

KRS 446.070," Kentucky's negligence per se statute.

The Court is at a loss as to why Plaintiffs make this argument. Nowhere in the Amended

Complaint do Plaintiffs raise a common law bad faith claim or a negligence per se claim, nor

have they sought leave to add these claims to their Amended Complaint. At most, they make the

following reference to potential common law claims in a section of the Amended Complaint

labeled "Background of the Kentucky Motor Vehicle Reparations Act":

> As a result of preemptively terminating no-fault benefits, the remedy is to apply the
> KMVRA by ordering Defendant STATE FARM to pay the remaining unusable
> benefits to class members plus 18% interest and attorney's fees, or alternatively,
> finding that the denial falls outside the boundaries of the KMVRA and is subject to
> common law remedies such as bad faith.

[R. 22, ¶ 63]. This reference, in the background section of their Amended Complaint, certainly

does not put the opposing party on notice that Plaintiffs are pursuing a common law bad faith

claim or a claim of negligence per se, nor is any such claim sufficiently pleaded in the Amended

Complaint. Plaintiffs were free to include these theories in their Amended Complaint, but they

instead raised a claim for damages for an alleged violation of the MVRA. *See* [R. 22, p. 17]. The

Court will not now give an advisory opinion as to which theory, if any, they could or should have

pursued, nor will the Court allow Plaintiffs to add a new cause of action through their responsive

brief. *See Kallick v. U.S. Nat. Bank Ass'n*, No. 12–106–DLB, 2012 WL 5178152, at *6 (E.D. Ky.

Oct. 18, 2012) ("It is a basic principle that the complaint may not be amended by [a] brief[] in

opposition to a motion to dismiss . . . ." (quoting *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683

F.3d 328, 348 (7th Cir. 2012)) (internal quotation marks omitted)).

### D.  Dismissal or Remand

Ordinarily, when a district court finds that a plaintiff lacks standing and the court therefore lacks subject matter jurisdiction, the court dismisses the claim without prejudice. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018). However, if a defendant removes the case to federal court based on federal question jurisdiction, but the plaintiff lacks Article III standing (and thus the court lacks jurisdiction), the court must remand the case back to state court. *See Coyne*, 183 F.3d t 496–97; *see also* 28 U.S.C. § 1447(c) (providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded" (emphasis added)). Remand under such circumstances is mandatory, even if the state court, as a matter of state law, would also dismiss the plaintiff's claims. *See id.* at 496 (explaining that "the futility of a remand to state court does not provide an exception to the plain and unambiguous language of § 1447(c)").

Here, the Court has dismissed Plaintiffs' Amended Complaint to the extent it seeks to allege a claim for eighteen percent interest and fees on the unpaid benefits. The remaining claims are as follows: (1) a claim for declaratory relief; (2) a claim for injunctive relief; (3) a claim alleging a violation of the MVRA and seeking monetary damages in the form of the alleged "unusable benefits"; and (4) a claim for "18% statutory interest on the balance of the unused benefits, and attorney fees." *See* [R. 22, pp. 16–17]. Plaintiffs have failed to allege standing for these claims. As a result, those claims must be remanded to state court. *See, e.g., Baccay v. Heartland Payment Sys.*, No. 17-07779, 2019 WL 337585, at *9 (D.N.J. Jan 28, 2019).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs lack standing to assert their claims for declaratory judgment; for injunctive relief; for unusable benefits arising under the MVRA; and for eighteen percent interest and attorneys' fees on those unusable benefits. Further,

even if Plaintiffs had standing, these claims, as alleged, cannot survive Rule 12(b)(6) scrutiny or would otherwise be barred by res judicata. Lastly, to the extent Plaintiffs attempt to allege a claim for eighteen percent interest and attorneys' fees on their unpaid benefits, that claim is barred by the doctrine of collateral estoppel and must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion to Certify Questions of Law to the Supreme Court of Kentucky, [**R. 25**], is **DENIED**.

2. Plaintiffs' Motion to Hold Defendant State Farm's Motion to Dismiss in Abeyance Pending a Ruling From This Court on Plaintiffs' Motion to Certify Questions of Law, [**R. 26**], is **DENIED as moot**.

3. Plaintiffs' Motion for Oral Argument, [**R. 34**], is **DENIED**.

4. Defendant's Motion to Dismiss, [**R. 23**], is **GRANTED**. Plaintiffs' claim for statutory interest and fees on alleged unpaid PIP benefits is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6) and collateral estoppel. Plaintiffs' remaining claims are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing.

5. Plaintiffs' claims for declaratory judgment; for injunctive relief; for unusable benefits arising under the MVRA; and for eighteen percent interest and attorneys' fees on those unusable benefits are **REMANDED** to the Jefferson Circuit Court.

6. This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

This the 21st day of March, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 28 -