UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CLARA ARREBATO PEDROSO AND KATHERINE HERNANDEZ ARREBATO, Individually and as Class Representatives, | ) ) ) ) | Civil Action No. 3:21-CV-540-CHB |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Alter or Amend the Judgment filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), [R. 39], in which State Farm seeks to amend this Court's March 21, 2023 Judgment. *See* [R. 37 (Memorandum Opinion and Order)]; [R. 38 (Judgment)]. Plaintiffs Clara Arrebato Pedroso and Katherine Hernandez Arrebato responded, [R. 40], and State Farm replied, [R. 41]. For the reasons set forth below, the Court will deny State Farm's motion.

## I.   BACKGROUND

The Court provided a detailed discussion of the factual and procedural history of this matter in its March 21, 2023 Memorandum Opinion and Order. [R. 37, pp. 1–7]. The Court briefly restates the relevant portions of that history.

Clara Arrebato Pedroso, Katherine Hernandez Arrebato, and D'Ella Irvin each suffered injuries in automobile accidents occurring between 2010 and 2015. [R. 22, ¶¶ 10, 20 (Amended Complaint)]; *see also Irvin v. State Farm Mutual Auto. Ins. Co.*, 3:19-CV-690-CHB, 2020 WL

4004808, *1 (W.D. Ky. July 15, 2020) (hereafter, "*Irvin I*"). To compensate for their injuries, Pedroso, Arrebato, and Irvin each sought Personal Injury Protection ("PIP") benefits under their policies with State Farm. *Irvin I*, 2020 WL 4004808, *1. The Kentucky Motor Vehicle Reparations Act ("MVRA") requires insurance companies to offer such benefits. *Id.* (citing KRS § 304.39-040).

State Farm initially paid only a portion of Pedroso, Arrebato, and Irvin's claims for PIP benefits, *id.* at *4–5, and denied the remainder of their claimed PIP benefits based on a "paper review" of each claim. *Id.* at *1; *see also* [R. 22, ¶¶ 13, 23]. In 2018, the Supreme Court of Kentucky held in *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923 (Ky. 2018), that insurance companies could not deny PIP benefits based solely on paper reviews. Following that ruling, State Farm voluntarily paid the remainder of Pedroso and Arrebato's claims, plus twelve percent interest. *Irvin I*, 2020 WL 4004808, at *4–5. State Farm paid Irvin, who had claimed over $12,000 in medical expenses, [R. 1-2, § 14], up to the statutory maximum of $10,000, plus twelve percent interest. *Id.* at *4.

In 2019, Pedroso, Arrebato, and Irvin brought suit in Jefferson Circuit Court, seeking damages for all unpaid PIP benefits that had been denied through paper review (capped at $10,000 per plaintiff), eighteen percent statutory interest for past-due medical bills (as opposed to the twelve percent paid by State Farm),[1] and attorneys' fees.[2] *Irvin I*, 2020 WL 4004808, *2.

State Farm timely removed the action to this Court and filed a Motion to Dismiss or, Alternatively, for Abstention. *Id.* On July 15, 2020, the Court issued a Memorandum Opinion

---

[1] The MVRA provides that "[o]verdue payments bear interest at the rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum." KRS § 304.39-210(2).

[2] The MVRA also allows the Court to award attorneys' fees for denials or delays caused without a reasonable foundation. KRS § 304.39-220(1).

and Order. *See generally id.* The Court found that each of the three plaintiffs lacked standing to pursue their unpaid benefits claims. *Id.* at *3–6. The Court explained that, after the *Sanders* decision, State Farm had issued checks to each of the three plaintiffs to cover the full amount of the claimed PIP benefits, plus statutory interest of twelve percent. *Id.* at *5. As a result, the Court held, the plaintiffs could not show an injury in fact, nor could they show "how a favorable judgment from this Court would redress that injury with respect to damages for unpaid PIP benefits." *Id.* (citation omitted). However, the Court found that they *did* possess standing to pursue claims for the additional interest and attorneys' fees. *Id.* at *6. Turning to the merits of those claims, the Court concluded that State Farm had a "reasonable foundation" for initially denying the plaintiffs' claims based on a paper review, as *Sanders* had not yet been decided at the time of denial (in 2011), and earlier Kentucky precedent plausibly supported the use of paper reviews. *Id.* at *6–8. Finally, the Court noted that, under the law, it was required to remand the case back to state court. *Id.* at *8. The Sixth Circuit ultimately affirmed this Court's decision.[3] *See Irvin v. State Farm Mut. Auto. Ins. Co.*, 861 F. App'x 65 (6th Cir. 2021) (hereafter, "*Irvin II*").

In the remanded state court action, Pedroso, Arrebato, and Irvin asserted for the first time (in a motion for partial summary judgment) a theory of "unusable benefits" or "preemptively terminated benefits." *See generally* [R. 5-4, p. 14]. State Farm then removed the case to this Court for the second time. [R. 1 (Notice of Removal)]. Plaintiffs, in turn, filed a Motion for Remand and Attorney's Fees, [R. 11]. In that motion, the plaintiffs further attempted to distinguish between "unpaid benefits" and "unusable benefits." *Id.* at p. 15. According to the plaintiffs, "unpaid benefits," or denied benefits, include those for which the plaintiffs submitted

---

[3] The parties appealed only the Court's Rule 12(b)(6) ruling. *See Irvin II*, 861 F. App'x at 67. Neither party challenged the Court's decision to remand the case back to state court.

claims (i.e., to cover incurred medical expenses), but which were denied on paper review, then eventually paid by State Farm. *Id.* These unpaid benefits formed the basis for Pedroso, Arrebato, and Irvin's initial claims against State Farm. *See, e.g.*, *id.* "Unusable benefits," on the other hand, are those PIP benefits that were never requested but would have fallen within the $10,000 statutory cap. Thus, Pedroso's unusable benefits would be the difference between what she requested ($4,450.00) and the statutory maximum ($10,000.00), or $5,545.00.

At a hearing on Plaintiffs' motion, the plaintiffs argued that they had always intended to pursue both theories, and when the Court ruled that they lacked standing to pursue the *unpaid* benefits claims, it had remanded to state court those claims involving *unusable* benefits. [R. 20, p. 9:3–8]. The Court quickly dispelled Plaintiffs' argument, explaining that it had reviewed the record in the earlier case, and "there was absolutely no claim for unusable benefits in the previous litigation." *Id.* at 14:3–6. Instead, the Court had ruled on Plaintiffs' *unpaid* benefits claims and remanded their claim for unpaid PIP benefits to state court as required by law. *See, e.g.*, *Irvin I*, 2020 WL 4004808, at *8. Nevertheless, the Court allowed Plaintiffs an opportunity to amend their complaint to assert their new unusable benefits theory. *See, e.g.*, [R. 19 (Memorandum and Order from Motion Hearing)].

Plaintiffs filed their Amended Complaint on June 9, 2022, naming only Pedroso and Arrebato as plaintiffs,[4] seeking to recover the balance of their unusable benefits, plus eighteen percent interest and attorneys' fees. [R. 22 ¶¶ 17, 27]. They also asserted claims for declaratory and injunctive relief. *Id.* at ¶¶ 84–88. State Farm then filed a Motion to Dismiss the Amended Complaint. [R. 23].

---

[4] As previously noted, Irvin claimed over $12,000 in medical expenses, [R. 1-2, § 14], and was paid up to the statutory maximum of $10,000. *Irvin*, 2020 WL 4004808, at *4. Because she was paid up to the statutory maximum, she has no unusable benefits and is therefore not a named plaintiff in the Amended Complaint. *See* [R. 22].

On March 21, 2023, the Court issued its ruling on the Motion to Dismiss. [R. 37]. The Court found that Plaintiffs lacked standing over their unusable benefits claims. *Id.* at 14–18. The Court also found that, even if Plaintiffs had standing over these claims, they failed under Rule 12(b)(6). *Id.* at 18–21, 22–24. The Court also noted that there was some confusion as to whether Plaintiffs had intended to assert a claim for statutory interest and fees relating to *unpaid* benefits, citing a vague reference to unpaid benefits contained within Plaintiffs' briefing. *Id.* at 14, 21; *see also* [R. 33-1, p. 9]. The Court concluded that Plaintiffs had not asserted any such claim in their Amended Complaint and regardless, that claim would otherwise be barred by collateral estoppel. [R. 37, pp. 21–22].

Lastly, the Court considered whether to dismiss the plaintiffs' claims or remand them back to state court. Citing to 28 U.S.C. § 1447(c) and relevant case law, the Court concluded that remand was mandated. [R. 37, p. 27]. State Farm now asks the Court to amend its judgment to "remove the remand of claims dismissed under Rule 12(b)(1)." [R. 39-1, p. 2]. Plaintiffs have responded, [R. 40], and State Farm replied, [R. 41]. This matter is therefore ripe for review.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of its entry. Rule 59(e), however, "does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected." *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 495 (6th Cir. 2018) (citation omitted). Instead, a district court has discretion to set aside a judgment under Rule 59(e) "based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612,

615 (6th Cir. 2010)). Furthermore, because there is an interest in the finality of a decision, relief

under Rule 59(e) "constitutes an extraordinary remedy reserved for exceptional cases." *Tannins

of Indianapolis, LLC v. Cameron*, No. 3:19-CV-504-DJH-CHL, 2021 WL 6126063, at *2 (W.D.

Ky. Dec. 28, 2021) (citation and internal quotation marks omitted).

### III.  ANALYSIS

State Farm takes issue with only one aspect of the Court's March 21, 2023 decision. As

noted above, State Farm asks that the Court's judgment, [R. 38], "be amended to remove the

remand of claims dismissed under Rule 12(b)(1)." [R. 39-1, p. 2]. For support, State Farm cites

to *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998). *See* [R. 39-1, p. 2].

Relying on this case, State Farm argues that 28 U.S.C. § 1447(c) authorizes remand (rather than

dismissal) only where the Court lacks subject matter jurisdiction over all claims. *Id.* at 2–5. State

Farm interprets the Court's March 21, 2023 Memorandum Opinion and Order as accepting

jurisdiction over a claim for interest and fees relating to the previously litigated unpaid benefits

and then dismissing that claim under Rule 12(b)(6). *Id.* at 5–6. As a result, State Farm argues, the

Court did not lack subject matter jurisdiction over the entire suit, and the remaining claims (i.e.,

those relating to unusable benefits) should be dismissed, not remanded. *Id.*

In considering this argument, the Court turns first to the plain language of § 1447(c). That

provision states, in relevant part, "If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In

*Schacht*, the Supreme Court concluded that "[a]n ordinary reading of the language indicates that

the statute refers to an instance in which a federal court 'lacks subject matter jurisdiction' over a

'case,' and not simply one claim within a case." *Schacht*, 524 U.S. at 392. Nevertheless, in

*Baccay v. Heartland Payment Systems, LLC*, No. 17-07779 (FLW) (LHG), 2019 WL 337585 (D.

N.J. Jan. 28, 2019), the district court acknowledged that "[t]here is some dispute over whether the automatic remand requirement of Section 1447(c) only applies when remand would involve the remand of an entire case, not a single count within a properly removed, multi-count case." *Id.* at *9 (citations omitted); *see also Legrand v. Intellicorp Records, Inc.*, No. 1:15 CV 2091, 2017 WL 2313865, *2 n.4 (N.D. Ohio May 26, 2017) (declining to remand where it retained subject matter jurisdiction over one claim, but acknowledging that a different judge in the same district had recently remanded a single cause of action within a multi-count complaint, relying on § 1447(c)). The district court went on to explain that it had dismissed the plaintiff's state law claims, leaving only certain federal claims, which the plaintiffs lacked standing over. *Baccay*, 2019 WL 337585, at *9. Because the district court lacked subject matter jurisdiction over those remaining federal claims, it remanded those claims back to state court. *Id.* Notably, this Court cited to *Baccay* when remanding the case in *Irvin I*, and neither party challenged that portion of the Court's decision. *See Irvin I*, 2020 WL 4004808, *8.

The Court need not resolve any discrepancies between *Schacht* and *Baccay*, however. Instead, the Court finds that State Farm's motion is based on a misreading of the Court's March 21, 2023 Memorandum Opinion and Order, [R. 37]. State Farm insists that the Court accepted jurisdiction over a claim for interest and fees relating to the previously litigated unpaid benefits and then dismissed that claim under Rule 12(b)(6). [R. 39-1, pp. 5–6]. The Court disagrees with this interpretation.

First, the Court acknowledges that the Amended Complaint did not clearly and neatly define the plaintiffs' claims. However, the Court stated as much in its March 21, 2023 decision and explained:

> As an initial matter, the Court notes that Plaintiffs have not clearly delineated their claims as Count I, Count II, and so on. Rather, they list four separate headings at

> the end of their Amended Complaint that appear to raise claims for declaratory and
> injunctive relief and a claim for damages for violation of the MVRA. *See* [R. 22,
> pp. 16–17]. From this and the allegations within the Amended Complaint, the Court
> understands that Plaintiffs assert the following claims: a claim for declaratory relief;
> a claim for injunctive relief; a claim alleging a violation of the MVRA and seeking
> monetary damages in the form of the alleged "unusable benefits"; a claim for "18%
> statutory interest on the balance of the unused benefits, and attorney fees." *Id.*

[R. 37, pp. 13–14 (footnotes omitted)]. The Court also acknowledged that there existed "some

confusion as to whether Plaintiffs assert a claim for eighteen percent statutory interest and

attorneys' fees with respect to the previously litigated 'unpaid' benefits. *Id.* at 14. State Farm

does not dispute or seek to alter this portion of the Court's opinion.

The Court then went on to find that Plaintiffs lacked standing to pursue their claims—that

is, the claim for declaratory relief, the claim for injunctive relief, and the monetary claims relating

to "unusable" benefits. With respect to the claims for monetary relief, the Court explained that the

MVRA provides a right to seek reimbursement for medical expenses *actually incurred*, but

Plaintiffs had not alleged that they incurred medical expenses other than those already reimbursed

by State Farm, nor did they allege that they *would have* incurred such expenses but for State Farm's

earlier denial of their claimed PIP benefits. *Id.* at 15–17. Thus, they had failed to allege an injury

in fact. *Id.* For similar reasons, the claims for declaratory and injunctive relief also failed. *Id.* at

17–18.  State Farm does not dispute or seek to alter this portion of the Court's opinion.

The Court went on to explain that, "*even if* Plaintiffs possessed standing over these

claims, Plaintiffs' Amended Complaint" failed under Rule 12(b)(6). *Id.* at 18 (emphasis added).

On this point, the Court first explained why Plaintiffs had failed to state a claim for unusable

benefits under the MVRA and had similarly failed to state a claim for interest and fees relating to

those unusable benefits. *Id.* at 18–21. The Court later explained why, even if Plaintiffs had

standing, their claims for injunctive and declaratory relief failed under Rule 12(b)(6), and all

claims (whether for monetary, injunctive, or declaratory relief) relating to "unusable" benefits

were barred by res judicata. *Id.* at 22–24. And to the extent that Plaintiffs' brief referenced state

law negligence claims, no such claims had been raised in the Amended Complaint. *Id.* at 25–26.

Again, State Farm does not dispute or seek to alter these portions of the Court's opinion.

Relevant here, the Court also explained that "Plaintiffs' Amended Complaint appears to

request eighteen percent interest and fees only with respect to *unusable* benefits." *Id.* at 21

(emphasis in original). The Court acknowledged, however, that Plaintiffs stated in their briefing

(but *not* in the Amended Complaint) that eighteen percent interest should apply "to all terminated

no-fault benefits, whether those benefits were denied, terminated, or rendered unusable due to

Defendant State Farm's wrongful conduct." *Id.* (quoting R. 33-1, p. 9). Given this language in

the briefing, the Court went on to explain,

> To the extent that Plaintiffs intend to assert a claim for eighteen percent interest and
> fees on its previously asserted "unpaid benefits" claims, *the Court again notes that
> the Amended Complaint makes no such demand*. Regardless, *even if* Plaintiffs
> intended to raise such a claim in their Amended Complaint, that claim would be
> barred by the doctrine of collateral estoppel, or issue preclusion.

*Id.* at 22 (emphasis added). "Accordingly," the Court concluded, "to the extent that Plaintiffs

attempt to assert a claim for eighteen percent interest and fees on its previously litigated unpaid

benefits claim, that claim must be dismissed under Rule 12(b)(6)."

The Court therefore made clear that (1) Plaintiffs' Amended Complaint did *not* raise a

claim for interest and fees relating to *unpaid* benefits and (2) *even if* they had attempted to do so,

those claims would fail under Rule 12(b)(6). In discussing the latter, the Court was not

"conclud[ing] it had jurisdiction over 'Plaintiff's (sic) claim for statutory interest and fees on

alleged unpaid PIP benefits,'" as State Farm argues, [R. 39, p. 2], because, put simply, that claim

was never asserted in the Amended Complaint. To the extent that the Court discussed such a

claim, it was to address Plaintiffs' vague assertion (in their briefing) that eighteen percent interest should apply "to all terminated no-fault benefits, whether those benefits were denied, terminated, or rendered unusable due to Defendant State Farm's wrongful conduct." [R. 33-1, p. 9]. But Plaintiffs never actually raised a claim for interest on unpaid benefits in the Amended Complaint—a point made multiple times in the Court's March 21, 2023 Memorandum Opinion and Order. *See* [R. 37, pp. 14, 21]. Indeed, in their response to the pending motion, Plaintiffs make clear that they never intended to raise any unpaid benefits claims in the Amended Complaint. [R. 40, p. 2 ("Those same claims [for additional interest on unpaid benefits] were not reasserted in the instant litigation . . . .")].

Nevertheless, the Court understands why its March 21, 2023 Judgment may have caused some confusion on this issue. In the ordering paragraphs of that Judgment and the corresponding Memorandum Opinion and Order, the Court granted State Farm's Motion to Dismiss, [R. 23], explaining that "Plaintiffs' claim for statutory interest and fees on alleged unpaid PIP benefits is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6) and collateral estoppel. Plaintiffs' remaining claims are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing." [R. 37, p. 28]; [R. 38]. The Court also ordered, "Plaintiffs' claims for declaratory judgment; for injunctive relief; for unusable benefits arising under the MVRA; and for eighteen percent interest and attorneys' fees on those unusable benefits are **REMANDED** to the Jefferson Circuit Court." [R. 37, p. 28]; [R. 38].

The Court understands that this language appears to conflict with the Court's explanation in the body of its opinion that Plaintiffs did not assert a claim for interest and fees on any alleged unpaid benefits. But, aside from this language, the Court's opinion is clear: Plaintiffs did *not* allege a claim for interest and fees on any alleged *unpaid* benefits and instead alleged only the

following claims: a claim for declaratory relief; a claim for injunctive relief; a claim alleging a violation of the MVRA and seeking monetary damages in the form of the alleged "unusable benefits"; and a claim for statutory interest and fees for the unused benefits. The Court ruled that Plaintiffs lacked standing over those claims, which make up the entirety of Plaintiffs' Amended Complaint. As a result, the entire case must be remanded under § 1447(c). The Court will therefore deny State Farm's Motion to Alter or Amend the Judgment, [R. 39].

Nevertheless, the Court will amend the ordering paragraphs of the Memorandum Opinion and Order, [R. 37], and Judgment, [R. 38], to more accurately reflect the Court's ruling, pursuant to Federal Rule of Civil Procedure 60(a). That rule authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). District courts may utilize this rule when "there is an inconsistency between the text of an order or judgment and the district court's intent when it entered it or when there is an unintended ambiguity that obfuscates the court's original intent." *Cooper v. Vinson*, NO. 5:17-CV-10-TBR, 2021 WL 1176263, *4 (W.D. Ky. Mar. 26, 2021) (citing WRIGHT & MILLER, Fed. Prac. & Proc. § 2854 at n. 23; *Sartin v. McNair Law Firm PA*, 756 F.3d 259 (4th Cir. 2014)). Thus, "[a] district court may invoke Rule 60(a) to resolve an ambiguity in its original order to reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." *Id.* (citations omitted). A district court may exercise this power "at any time." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363 (6th Cir. 1990) (citations omitted); *see also* WRIGHT & MILLER, Fed. Prac. & Proc. § 2854. Pursuant to this rule, the Court will amend the ordering paragraphs of the Memorandum Opinion and Order, [R. 37], and Judgment, [R. 38], to

better reflect the Court's intent when it issued that decision and to ensure that the Court's original purpose is fully implemented.

Before doing so, however, the Court will address several arguments raised for the first time in State Farm's reply brief, [R. 41]. To be clear, the Court need not consider these arguments at all, as they were improperly raised for the first time in a reply, rather than in State Farm's initial motion. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (treating issues raised for firs time in a reply brief as waived); *Palazzo v. Harvey*, 380 F. Supp. 3d 723, 730 (M.D. Tenn. 2019) (explaining that this general rule applies to both arguments on appeal and to motions before the trial court (citations omitted)). Nevertheless, the Court briefly addresses these arguments and finds them to be without merit.

First, State Farm appears to disagree with the Court's finding that "Plaintiffs' Amended Complaint appears to request eighteen percent interest and fees only with respect to *unusable* benefits." [R. 37, p. 21]. State Farm instead argues that Plaintiffs raised a claim for interest and fees relating to *unpaid* benefits in their Amended Complaint. [R. 41, pp. 4–5]. For support, State Farm points to certain language in the Amended Complaint referencing the "unreasonable denial" of PIP benefits and attorney's fees under the MVRA. *Id.* at 4; *see also* [R. 22, ¶ 41 ("Pursuant to KRS § 304.39-210(2), unreasonable denials of no-fault benefits bear interest at the rate of eighteen percent.")]; *id.* at ¶ 43 ("KRS 304.39-220(1) provides that a party is entitled to reasonable attorney's fees incurred in enforcing the payment of a no-fault claim."). But these statements sit within a section of the Amended Complaint entitled "Background of the Kentucky [MVRA]" and provide nothing more than general information about the MVRA. *See id.* at 6. These general references to the MVRA, which include no factual allegations specific to this case, do not raise a claim relating to unpaid benefits. Further, while State Farm also cites to Paragraph

- 12 -

90 of the Amended Complaint, it is clear that that paragraph, when read in context, references *unused* benefits. *See id.* at ¶ 90 (alleging that State Farm's "unreasonable denial of Plaintiffs 'no-fault benefits caused [Plaintiffs] . . . to suffer damages including *the loss of use of purchased no-fault benefits*, and 18% statutory interest and attorney fees" (emphasis added)).

Next, State Farm argues that Plaintiffs' Amended Complaint changed only their damages theory and not their legal claim. [R. 41, p. 5]. State Farm explains, "Plaintiffs in their Amended Complaint continued to assert their separate claim for added interest and fees, but just simply articulated a different theory for how they should be calculated (on unusable benefits versus on unpaid benefits)." *Id.* The Court agrees with this statement. The Amended Complaint *does* assert a claim for interest and fees on unusable benefits. However, it does *not* assert a claim for interest and fees on unpaid benefits. State Farm's argument regarding a different "damages theory" only proves that point.

Lastly, State Farm argues that Plaintiffs' amendment of their complaint *after* removal does not affect this Court's jurisdiction because jurisdiction is determined at the time of removal. [R. 41, pp. 6–7]. "At the time of removal," State Farm argues, "Plaintiffs were litigating their original Complaint which sought statutory interest and attorney fees on alleged unpaid PIP benefits." *Id.* at 7. Because the Court had jurisdiction over *that* claim, State Farm insists that "there was jurisdiction over part of the lawsuit, which means this action should be dismissed rather than a portion remanded." *Id.*

The Court disagrees. In *Irvin I*, the Court found that (1) Plaintiffs lacked standing to pursue their claim for unpaid PIP benefits and (2) Plaintiffs possessed standing over the claims for additional interest and fees on unpaid PIP benefits, but that claim failed under Rule 12(b)(6). *See Irvin I*, 2020 WL 4004808, at *4–8. The Court therefore dismissed the interest and fees

claim under Rule 12(b)(6) and remanded only "Plaintiffs' claim for unpaid PIP benefits."[5] *Id.* at

*9. The Court did *not* remand the claim for interest and fees on the unpaid PIP benefits; that

claim remains dismissed. Accordingly, when this matter was again removed to this Court in the

present case (an entirely separate civil action than *Irvin I*), the only removed claim was for the

unpaid PIP benefits. The Court had already ruled in *Irvin I*—and State Farm does not now

dispute[6]—that Plaintiffs lacked standing over that claim. *See id.* at *4–6. Thus, at the time of

removal in the present case, the Plaintiffs lacked standing over the entirety of their case, and the

Court lacked subject matter jurisdiction at that time. Plaintiffs then amended their complaint. *See*

[R. 22]. But, as already explained in detail in the Court's March 21, 2023 Memorandum Opinion

and Order, the plaintiffs also lacked standing over all claims in the Amended Complaint. *See*

[R. 37]. Thus, despite State Farm's argument to the contrary, at no point did this Court have

subject matter jurisdiction over this removed case (or any specific claim in this removed case).

Accordingly, remand of the entire case was mandated under § 1447(c). *See Hillesheim v.*

*Holiday Stationstores, Inc.*, 900 F.3d 1007, 1010 (8th Cir. 2018) ("If it turns out after removal

that a plaintiff lacks standing to bring a claim in federal court, as happened here, then a district

court must remand the claim to state court." (citations omitted)); *Facella v. Home Fire & Marine*

*Ins. Co. of Cal.*, 184 F. Supp. 838, 839 (D. N.J. 1960) ("While the attack on jurisdiction can be

made, as the statute provides, 'at any time,' Title 28, § 1447(c), this attack must show the

[situation] as of the time of removal. . . ."); *Whitsette v. Marc Jacobs International, LLC*, Case

No. 1:18-cv-1730, 2018 WL 4002606, at *2 (N.D. Ohio Aug. 22, 2018) ("[Section] 1447(c),

---

[5] As already noted, the parties did not challenge the Court's decision to remand that claim to state court, and the issue of whether the Court should have dismissed (rather than remanded) the claim for unpaid PIP benefits in *Irvin I* is not before this Court.

[6] And neither party appealed on this issue. *See Irvin II*, 861 F. App'x at 67.

which governs the treatment of cases after removal from state court, dictates that remand to state court—not dismissal—is appropriate where federal subject-matter jurisdiction over the case is lacking.").

## IV. CONCLUSION

For the reasons set forth above, the Court reiterates its March 21, 2023 ruling that (1) Plaintiffs never asserted a claim for interest and fees on any alleged *unpaid* benefits in their Amended Complaint; (2) Plaintiffs instead alleged a claim for declaratory relief, a claim for injunctive relief, a claim alleging a violation of the MVRA and seeking *unusable* PIP benefits, and a claim for statutory interest and fees on those *unusable* benefits; and (3) with respect to those claims, the plaintiffs lack standing. Because Plaintiffs lack standing over all of their asserted claims (i.e., the entire case) in the Amended Complaint, and because this Court did not possess subject matter jurisdiction at the time of removal, the case must be remanded pursuant to § 1447(c).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Alter or Amend the Judgment, [**R. 39**], is **DENIED**.

2. The Court's March 21, 2023 Memorandum Opinion and Order, [**R. 37**], and its corresponding Judgment, [**R. 38**], are hereby **AMENDED** to reflect the following changes to ordering paragraph No. 4:

   > Defendant's Motion to Dismiss, [**R. 23**], is **GRANTED**. Plaintiffs' claims for declaratory judgment; for injunctive relief; for unusable benefits arising under the MVRA; and for eighteen percent interest and attorneys' fees on those unusable benefits are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing.

3. An Amended Judgment will follow.

- 15 -

4. All other aspects of the Court's March 21, 2023 Memorandum Opinion and Order,

[R. 37] remain in full force and effect.

This the 4th day of December, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY